## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| JEFF M. LALLEY, | DOCKET NUMBER |
| Appellant, | CH-0845-17-0495-I-1 |
| v. | |
| OFFICE OF PERSONNEL MANAGEMENT, | DATE: March 19, 2024 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Jeff M. Lalley, Cincinnati, Ohio, pro se.

Michael Shipley, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed for lack of jurisdiction his appeal challenging the decision of the Office of Personnel Management (OPM) finding that he had been overpaid in his retirement annuity. For the reasons set forth below, we DISMISS the appellant's petition for review as untimely filed without good cause shown. 5 C.F.R.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

§ 1201.114(e), (g). Notwithstanding, we FORWARD the case to the Central Regional Office for docketing and consideration as a new appeal.

## BACKGROUND

On July 3, 2017, OPM issued a reconsideration decision affirming an earlier decision which found that the appellant had been overpaid $4,654 in civil service annuity benefits and informing him that it intended to collect the overpayment by deducting monthly installments from his annuity checks. Initial Appeal File (IAF), Tab 1 at 4-7. The appellant challenged the decision on appeal. IAF, Tabs 3, 6. During adjudication, OPM rescinded the reconsideration decision and moved that the appeal be dismissed for lack of jurisdiction stating that, after the dismissal, it would review the calculation of the appellant's annuity as there appeared to be a deficiency which impacted the overpayment, and that the appellant's right to appeal would thereby be preserved. IAF, Tab 8. The administrative judge ordered the appellant to show cause why his appeal should not be dismissed, IAF, Tab 9, but he did not respond.[2]

In her September 22, 2017 initial decision, the administrative judge found that, when OPM completely rescinds the decision on which an appeal to the Board is based, the appeal is no longer a matter within the Board's jurisdiction. *Frank v. Office of Personnel Management*, 113 M.S.P.R. 164, ¶ 5 (2010); IAF, Tab 10, Initial Decision (ID) at 2. Finding that, because OPM completely rescinded its reconsideration decision, the Board no longer retained jurisdiction over this appeal, the administrative judge granted the agency's motion to dismiss it. ID at 1-2. She notified the appellant that the initial decision would become final on October 19, 2017, unless a petition for review was filed by that date. ID at 3.

---

[2] According to the administrative judge, she contacted the appellant to review OPM's rescission letter with him, after which he decided against availing himself of the opportunity to offer a written response addressing why his appeal should not be dismissed. IAF, Tab 10, Initial Decision at 2.

3

On March 19, 2018, the appellant filed a petition for review, Petition for Review (PFR) File, Tab 1, and with it a copy of OPM's new reconsideration decision dated February 22, 2018,[3] *id.* at 8-11. The Clerk of the Board notified the appellant that his petition appeared to be untimely and ordered him to show cause why it should not be dismissed as untimely filed. PFR File, Tab 2. The appellant filed a Motion to Accept Filing as Timely and/or Ask the Board to Waive or Set Aside the Time Limit. PFR File, Tab 3. OPM filed a response. PFR File, Tab 5.

## ANALYSIS

The appellant bears the burden of proof with regard to timeliness, which he must prove by preponderant evidence. 5 C.F.R. § 1201.56(b)(2)(i)(B). A petition for review must be filed within 35 days after the date of issuance of the initial decision or, if the party shows that he received the initial decision more than 5 days after it was issued, within 30 days of his receipt. *Williams v. Office of Personnel Management,* 109 M.S.P.R. 237, ¶ 7 (2008); 5 C.F.R. § 1201.114(e). The Board will waive the filing time limit for a petition for review only upon a showing of good cause for the delay. *Williams,* 109 M.S.P.R. 237, ¶ 7; *Alonzo v. Department of the Air Force,* 4 M.S.P.R. 180, 184 (1980).

To establish good cause for an untimely filing, a party must show that he exercised due diligence or ordinary prudence under the circumstances. *Williams,* 109 M.S.P.R. 237, ¶ 7. To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to his ability to timely file his petition. *Id.*

___

[3] In the new reconsideration decision, OPM corrected the amount of the appellant's overpayment to $4,750.

In the affidavit the appellant filed in response to the Clerk's show cause order, he expressed confusion regarding his filing responsibilities, given the administrative judge's show cause order below, the Clerk of the Board's order, and the fact that OPM has filed a new reconsideration decision. PFR File, Tab 3 at 1-2. He also claims that he did not receive the initial decision, *id.* at 2, although we note that it was mailed to his address of record, as were all documents issued by the administrative judge and the Clerk of the Board. Correspondence which is properly addressed and sent to the appellant's address via postal or commercial delivery is presumed to have been duly delivered to the addressee. *Marcantel v. Department of Energy*, 121 M.S.P.R. 330, ¶ 5 (2014); 5 C.F.R. § 1201.22(b)(3). The initial decision was not returned. Moreover, the appellant acknowledges receiving the administrative judge's show cause order which was mailed 2 days before the initial decision was issued. PFR File, Tab 3 at 1. Despite the appellant's claim to the contrary, we find that the initial decision was duly delivered to him, and that it clearly set forth the time limit for filing a petition for review. Notwithstanding his pro se status, we further find that the appellant has failed to show good cause for the 5-month delay in filing his petition for review, and it is dismissed.

However, given OPM's issuance of a new reconsideration decision from which the appellant has a right of appeal, and the fact that his purported petition for review is not only timely filed from that reconsideration decision but also appears to challenge it on the merits, we find it appropriate to forward this matter to the Central Regional Office for docketing and consideration as a new appeal from OPM's February 22, 2018 reconsideration decision finding that the appellant has been overpaid in his annuity.

Accordingly, we dismiss the petition for review as untimely filed. This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision remains the final decision of the

Board regarding its dismissal for lack of jurisdiction of the appellant's appeal from OPM's July 3, 2017 reconsideration decision.

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5] The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    *Gina K. Grippando*
                                  _____
                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.